UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOANNE J. PRIBNOW,

        Plaintiff,

  v.

        Case No. 21-cv-1238-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she's not married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The only source of income listed by the plaintiff is $460 per month in alimony. Id. at 2. The plaintiff's monthly expenses total $460 ($200 rent, $260 other household expenses). Id. at 2-3.

1

The plaintiff does not own a car, her home, or any other property of value and she has $20 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she was denied benefits by the Commissioner, that she was disabled during the time period covered by this case, and that the unfavorable conclusions by the Commissioner when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 3. Specifically, the plaintiff alleges that the RFC assessment failed to consider the plaintiff's severe impairments in combination and failed to consider the limitations for the plaintiff's non-severe impairments; that the decision found a moderate CPP limitation but the RFC assessment failed to contain limitations for that impairment; and that the decision failed to properly consider medical evidence. Id. At this early stage in the case, and

based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 25th day of October, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**